### No. 520
### WILLS v. FINESILVER, et.
Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8116. Decided June 27, 1927.

997. REAL ESTATE—Breach of Contract—Damages—Where vendee makes offer to purchase property of vendor, in writing, and later, because of a claimed defect in title, refused to go forward with the deal and brings action to recover deposit and damages for breach of contract, the court was wrong in adopting as the measure of damages, the difference between the market price and the agreed price.

First Publication of this Opinion

VICKERY, J.

Morris Finesilver made an offer in writing to purchase certain property of the Realty Housing & Investment Co. of which J. Walter Wills was president. Later Finesilver refused to go through with the deal for the alleged reason that the building on the land projected over on to some other property. Finesilver sued Wills in the Cleveland Municipal Court to recover the $500 he had paid to be applied on the purchase price and a further sum of $2000 for damages which he claimed as the difference between what he agreed to pay and the actual market value of the land. A judgment was rendered in favor of Finesilver for $1400.

Error was prosecuted and it was contended that the suit was brought against the wrong party and that the measure of damages adopted by the court was not correct. The Court of Appeals held:—

1. Although Wills did not own this property, his company did own it and he signed the necessary papers as agent of the company, so that if Finesilver sought specific performance of this contract, he could have done so and proven that the memorandum was signed by Wills as agent of the company.

2. Notwithstanding the fact that the Investment Co. stood ready and willing to make good all title if the claim that a portion of the property in question extends over on some other property were true, Finesilver refused to go forward with the deal.

3. The court adopted the rule of damages as the difference between the market price and the agreed price, and took the view that, because there was a so-called defect in title, Finesilver might repudiate the contract and recover damages for the breach.

4. We do not so understand the law. The case of McCarty v. Lingham, which was cited and relied upon, while seeming to indicate this, on analysis, discloses that the facts are entirely different.

5. It would have been feasible for Finesilver to have purchased this property and if it had cost anything to remove this claim or if they had been evicted from that portion of it, the measure of damages would be easily ascertained and could have been recovered.

6. The court did not adopt the right rule of damages. Under the circumstances and the record in this case, Finesilver was not entitled to recover more than the $500; and the judgment will be affirmed with modification that it be decreased to $500, and affirmed for that amount.

Judgment as modified, affirmed.

(Sullivan, PJ., and Levine, J., concur).

Attorneys—T. R. Baylork and A. H. Martin for Wills; H. T. Marshall and A. A. Miller for Finesilver; all of Cleveland.